UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

REGINALD DARNELL PORTER,

  Petitioner,

  v.                                    CAUSE NO. 2:24-CV-381-PPS-AZ

SHERIFF,

  Respondent.

OPINION AND ORDER

Reginald Darnell Porter, a prisoner without a lawyer, filed a Section 2241 habeas petition challenging his pretrial detention at the Lake County Jail. ECF 1. At the time he filed the petition in October 2024, the electronic dockets for the State courts[1] reflected that Porter had pending criminal charges in Case No. 45G02-2109-F5-464, Case No. 445G02-2311-F6-2611, and Case No. 45G02-2404-F6-1250. On December 30, 2024, I found that the petition was difficult to parse and appeared to espouse sovereign-citizen-type theories, but I ordered the Sheriff to respond to the allegation that Porter has not been released from pretrial detention despite satisfying the bail requirements set by the Lake Superior Court. ECF 8.

On March 10, 2025, the Sheriff responded that the habeas claims were moot because the Lake Superior Court had sentenced Porter to five and a half years incarceration in Case No. 45G02-2109-F5-464 and that he was no longer in pretrial

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

detention subject to that case. ECF 10. The Sheriff did not address the dispositions of Case No. 445G02-2311-F6-2611, and Case No. 45G02-2404-F6-1250, but review of the State court docket reveals that the Lake Superior Court dismissed these cases and that Porter is no longer in pretrial detention subject to them. Porter has also notified the court of his transfer from the Lake County Jail to the Reception Diagnostic Center and his subsequent transfer from the Reception Diagnostic Center to the Wabash Valley Correctional Facility. ECF 15, ECF 17.

While Porter remains in custody pursuant to his criminal conviction and sentence, the habeas petition challenges only his pretrial detention. His pretrial detention has now ended, rendering this petition moot. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. It would seem clear that under this general rule Hunt's claim to pretrial bail was moot once he was convicted."); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot.'). Consequently, I cannot grant Porter relief in this habeas case.

In other filings, Porter asserts challenges to his conviction and complains about the conditions of his confinement, but, to obtain any relief, Porter must assert these claims in separate cases. *See Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions."); 28 U.S.C. § 2254(a) (authorizing habeas challenges to custody

pursuant to State convictions). He also continues to espouse sovereign citizen-type theories, which I continue to decline to address. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("These theories should be rejected summarily, however they are presented.").

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Porter to proceed further in federal court.

For these reasons, the court:

(1) DENIES the habeas petition because the claims are moot;

(2) DENIES Reginald Darnell Porter a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

ENTERED:  June 6, 2025.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT